CARRIE S. BEAM

*v.*

PATERSON SAFE DEPOSIT AND TRUST COMPANY et al.

[Submitted November 12th, 1913.   Decided December 6th, 1913.]

1. The burden of proof of the "exercise of good faith and reasonable discretion," within the meaning of the statute with respect to a trustee in continuing investments made by a decedent in his lifetime (*P. L. 1899 p. 236*), is cast upon the trustee, under the peculiar facts in this case.

2. In a suit against a trustee (a trust company) for an accounting with respect to losses occasioned to a trust fund in the continuing such investments made by a testatrix in her lifetime, and where it appeared that the trustee, instead of insisting upon cash, accepted from the executors the securities in question, which then were considered by investors generally to be of the first quality, and about a year after the beginning of the trust the market values of such securities began to depreciate, and so continued thereafter to depreciate, until the commencement of this suit, evidence examined, and *held* that the trustee had not sustained the burden of proof cast upon it by the statute respecting the exercise of a "reasonable discretion," although there is no lack of the exercise of "good faith."

3. There are probably no securities in which people invest their money which can be said to be safe at all events and under all circumstances. There is always some element of chance which time may develop. When, however, a security comes within the region of doubt it is the part of prudence and discretion to eliminate it from a trust fund at the earliest possible moment, and defendant trustee having neglected to do so, in this case, is liable to the complainant upon this ground.

On final hearing on bill, answer, replication and proofs.

*Mr. Pierre F. Cook,* for the complainant.

*Messrs. Griggs & Harding,* for the defendants.

HOWELL, V. C.

The claim of the complainant in this case, and the facts upon which she relies, are fully stated in the opinion of Vice-Chan-

cellor Stevenson on the motion to strike out the bill of complaint herein. *Beam v. Paterson Safe Deposit Co., 81 N. J. Eq.* (*11 Buch.*) *38,* and in the same matter on appeal, *81 N. J. Eq.* (*11 Buch.*) *196.* It was held by the court of errors and appeals on the allegations of the bill that the fact that securities which had come to the hands of a trustee, and which had steadily depreciated in value from the beginning of the trust until the shrinkage amounted to nine-tenths of the value, made a *prima. facie* case of lack of good faith, or a failure to exercise reasonable discretion on the part of the trustees, and that such a dealing with the trust funds called for an explanation by the trustees of their action in holding on to securities which were steadily declining until they had shrunk to one-tenth of the value which they had at the time they became part of the trust estate. The burden of proof of the "exercise of good faith and reasonable discretion," to use the words of the statute (*P. L. 1899 p. 236*) is thus thrown upon the trustee, and the only question now before the court is whether the trustee has met that burden. I am constrained to reach the conclusion that it has not. It appears that the securities in question were investments made by the testatrix in her lifetime, and that when the time came for the executors to transfer the fund in question to the trustee, the trustee, instead of insisting upon cash, accepted the securities in question without objection. This was in 1905. The securities at that time were considered by investors generally to be of the first quality. The market values began to depreciate about a year after the beginning of the trust, and continued thereafter to depreciate until the present time. The trustee watched the decline in value, consulted with investors in relation thereto, discussed the matter at meetings of its finance committee, procured the appointment of its president and a member of its finance committee as directors of one of the companies which issued some of the securities, and otherwise kept in view the declining values. It owned and held as an investment some of the same securities which it held in trust for the complainant, so that its treatment of the trust fund was the same as was accorded by it to its own property. It appears to have done every-

thing that it could have done in the way of informing itself of the disasters which finally overtook and wrecked the securities, but failed to perceive the inevitable outcome which now appears to be so plain.

I therefore think that, as a matter of fact, there was no lack of good faith on the part of the trustee, nor do I find any affirmative averment which can be construed into such a charge. That leaves open the question of the exercise by it of a reasonable discretion in holding on to the securities after they had begun to decline. On this question the judgment must be for the complainant. It must have sufficiently appeared to the trustee from the early part of 1906 forward that the securities held by it were doubtful in character, else there would have been no need of the exercise of the great watchfulness and anxiety testified to on the part of the defendant. There are probably no securities in which people invest their money which can be said to be safe at all events and under all circumstances. There is always some element of chance which time may develop. When, however, a security comes within the region of doubt, in my opinion, it would be the part of prudence and discretion to eliminate it from a trust fund at the earliest possible moment. That the trustee neglected to do. It is upon this ground that I deem the defendant to be liable to the complainant.

For the purpose of ascertaining the amount with which the defendant should be charged, it will be necessary to fix the date at or about the time of which the securities should have been sold. As nearly as I can get at it there was sufficient decline by August 1st, 1906, to inform the trustee that a doubt about their value existed. Without having heard argument on this point, this date seems to me to be approximately correct. However, the point will be left open, and may be discussed at the time of settling the decree.